Louis N. Kash, Esq. Corporation Counsel, City of Rochester
You have asked whether there is authority for the withdrawal of a municipality from a regional off-track betting corporation and, if so, what criteria would be used in effectuating withdrawal.
The City of Rochester and the County of Monroe are part of the Western Regional Off-Track Betting Corporation (Racing, Pari-Mutuel Wagering and Breeding Law, § 519 [1] [g]). This is an established corporation and is "a body corporate and politic constituting a public benefit corporation" (id., § 502 [1]). As you are aware, there is no specific provision in State law for withdrawal of a municipality from a regional off-track betting corporation. Thus, neither is there a procedure for distribution of assets and liabilities of a regional corporation to a municipality seeking to withdraw.
Under State law, an operating regional off-track betting corporation continues in existence until terminated by law (id., § 502 [5] [a]). No termination may, however, take effect so long as the corporation has bonds, notes or other obligations outstanding (ibid.). Upon termination of the existence of a corporation, a procedure is established for distribution of the corporation's rights, property, assets and funds among the participating municipalities (ibid.).
It is clear that a regional off-track betting corporation may only be terminated through a specific act of the State Legislature which may not take effect while any debt is outstanding. In light of this specific procedure for termination, involving action by the State Legislature, we believe there is no basis for finding under State law an implied authorization for a participating municipality to withdraw from a regional off-track betting corporation. It appears that the Legislature sought to control closely these corporations by requiring a specific authorization for termination and by establishing a specific procedure for distribution of assets and liabilities. If a right of withdrawal was implied, there would be no guidelines for distribution of assets and liabilities. This would be inconsistent with the apparent legislative intent to control closely these corporations. We believe that an amendment to the State act is necessary in order to authorize and establish a procedure for the withdrawal of a participating municipality from a regional off-track betting corporation.
We conclude that there is no authority in State law for the withdrawal of a municipality from a regional off-track betting corporation.